IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFERY RIDDLE | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 10-5086 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

J. WILLIAM DITTER, JR., Sr. J                                                                     September 1, 2011

      Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 14), defendant's response and plaintiff's reply thereto (Doc. Nos. 15 & 16), I make the following findings and reach the following conclusions:

      1.    On October 31, 2007, Jeffery J. Riddle protectively filed an application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f, alleging an onset date of October 31, 2007. (Tr. 109-115). Throughout the administrative process, including a hearing held on June 23, 2009, before an ALJ, Riddle's claims were denied. (Tr. 14-24; 26-46; 83-87). After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), Riddle filed his complaint in this court on September 27, 2010. (Tr. 1-4; Doc. No. 3).

      2.    In his July 29, 2009, decision, the ALJ concluded, *inter alia*, that: (1) Riddle had severe low back pain, depression, and drug and alcohol abuse; (2) his impairments did not meet or equal a listing; (3) he had the RFC to perform medium work with some postural limitations and only simple instructions or routine/repetitive work with accommodations for lapses in concentration/attention, and limited contact with the public; (4) he could perform work existing in significant numbers in the national economy; and (5) Riddle was not disabled. (Tr. 16 Findings 2 & 3; 17 Finding 4; 22 Finding 9; 24 Finding 10).

      3.    The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

      4.    Riddle raises three arguments regarding the ALJ's handling of his alleged mental retardation: (1) that the ALJ erred by failing to find that he met Listing 12.05C (mental retardation); (2) that the ALJ erred by failing to procure the opinion of a medical expert ("ME")

regarding whether his impairments equaled a listing based on new evidence of mental retardation[1]; and (3) that the ALJ erred by failing to find mental retardation a severe impairment. All of these arguments succeed or fail based on whether the ALJ properly considered and rejected evidence of alleged mental retardation submitted to him after the hearing but before he rendered his decision. After due consideration of all of the arguments and evidence, I find that the ALJ committed legal error in his analysis of this evidence. As a result, and as more fully developed below, I must remand this case for further consideration.

Riddle did not raise mental retardation as an impairment in his application for benefits or during the hearing. However, the record does contain school records showing very poor results on the California Achievement Tests when he was 16, and during the hearing, Riddle testified that he could not read or write and that he had a learning disability. (Tr. 44-45; 260). According to defendant, Riddle first alleged that he had "mild mental retardation" following the June 23, 2009, hearing when he submitted to the ALJ a December 2008 psychoeducational evaluation from Dr. Robin P. Arnold of NHS Human Services. The evaluation included results from the Wechsler Adult Intelligence Scale and the Wechsler Individual Achievement Test. (Tr. 302-08). More specifically, the test results revealed that Riddle had a full scale IQ score of 65 (falling in the extremely low range); a verbal IQ score of 64 (also falling within the extremely low range), and a performance IQ score of 73 (falling in the borderline range).[2] (Tr. 304-05). This report is the only recent evidence on intellectual deficiencies and is the main piece of evidence relied on by Riddle in support of his claims.

An ALJ must consider impairments that the claimant says he or she has or about which the ALJ receives evidence. 20 C.F.R. § 416.912(a). Although not terribly timely, Riddle did allege mental retardation and did submit evidence in support thereof before the ALJ rendered his decision. Therefore, the ALJ had a duty to consider mental retardation. The ALJ did not mention mental retardation in his opinion nor did he review Listing 12.05C. However, the ALJ did discuss the December 2008 psychoeducational evaluation and accorded it little substantial weight. (Tr. 20). While defense counsel now attempts to manufacture a list of reasons why the ALJ may have rejected the evidence,[3] the only clear reason the ALJ gave for rejecting the evaluation was that it appeared to the ALJ "that [Riddle] sought out this evaluation for the sole purpose of assisting him to obtain social security disability benefits. [Riddle] did not seek an evaluation/treatment for his health maintenance and improvement. It appears that he

---

[1] When the ALJ receives additional medical evidence that may, in his/her opinion, change the state agency medical expert's opinion that a claimant's impairments do not equal a listing, the ALJ must get an updated opinion from an ME. S.S.R. 96-6p. Here, the state agency physician, who rendered his opinion before the new evidence was available, opined that Riddle did not meet or equal any listing. (Tr. 204-16).

[2] One of the requirements of Listing 12.05C is a valid verbal, performance or full scale IQ score of 60 through 70.

[3] The law is clear that "'[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.'" Fargnoli v. Massanari, 247 F.3d 34, 44 (3d Cir. 2001) (quoting SEC v. Chenery Corporation, 318 U.S. 80 (1943)). Therefore, I will not entertain defendants post hoc reasoning and will focus only on the ALJ's explanation.

2

sought the evaluation for his ulterior motives of obtaining disability benefits." (Id.).  Riddle does not contest that he obtained the testing in order to support his application for benefits.

An ALJ may not reject objective medical evidence based on lay opinion or speculation.  Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999).  Here, the ALJ based his decision to reject the December 2008 testing results on pure speculation that Riddle had "ulterior motives" in receiving the testing.  The ALJ did not base his decision on contrary evidence since there is no such evidence in the record.  I conclude that the ALJ committed a legal error by improperly rejecting the December 2008 psychoeducational evaluation from Dr. Arnold.

As a result, a remand is necessary.  On remand, the ALJ shall re-evaluate any evidence of mental retardation at each step of the sequential analysis and retain an ME if necessary.  The ALJ shall especially consider whether Riddle's alleged mental retardation is severe and whether the evidence establishes that Riddle meets Listing 12.05C.

An appropriate Order follows.